AUTOCAR SALES AND SERVICE COMPANY, PLAINTIFF, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, A CORPORATION, DEFENDANT.

Submitted October 18, 1930—Decided April 8, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the rule, *Starr, Summerill & Lloyd* (*Frank T. Lloyd, Jr.,* of counsel).

*Contra, Kenworthy & Clark* (*Bennett Clark,* of counsel).

PER CURIAM.

This is defendant's rule to show cause why plaintiff's verdict should not be set aside.

At three-thirty A. M., on June 16th, 1929, Harry Pomeroy was operating a truck owned by the plaintiff on Spruce street in North Wildwood. As he approached the grade crossing of the defendant company's tracks, he says he stopped, when fifteen feet away, and looked, and saw and heard nothing. He then proceeded to cross. When about half way across his truck was hit and injured by the defendant's locomotive. The testimony of his brother, who was riding with him on the driver's seat, was to the same effect.

The negligence upon the part of the defendant claimed was a failure to give the statutory grade crossing signal by bell or whistle. As opposed to plaintiff's testimony touching this, there was produced by defendant three witnesses who said that such signal was given, both by bell and whistle.

On the question of liability thus presented, we think that the verdict for the plaintiff was against the great weight of the evidence. The testimony to the effect that the statutory signal was not given was very unsatisfactory, while, on the other hand, the testimony that it was given was convincing.

It was shown without dispute that seventy-five feet back from the track, as the truck approached it, and from that point forward, there was an unobstructed view of the track in the direction from which the locomotive came, for more than eight hundred feet. The night was clear and the visibility good. The truck of the plaintiff in which plaintiff's witnesses were riding had an enclosed body, and they were sitting on a seat which was enclosed, and the most reasonable inference from the testimony presented is that the driver of the truck for some reason failed to exercise his senses of sight and hearing.

The rule to show cause will be made absolute.